UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SASHA SUGABERRY,<br><br>　　　　　　　　Plaintiff,<br>　　v.<br><br>UNITED PARCEL SERVICE,<br><br>　　　　　　　　Defendant. | CASE NO. 2:21-cv-00610-DGE<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR REMAND |

## I.    INTRODUCTION

This matter comes before the Court on Plaintiff's Objection to Removal of Default Judgment to United States District Court (Dkt. No. 8), which the Court has construed as a Motion for Remand.  For the following reasons, the Court finds that Defendant's removal from the Superior Court of Washington was timely and proper, and denies Plaintiff's Motion for Remand.

## II.     BACKGROUND

On March 22, 2021, Plaintiff Sasha Sugaberry filed this action against Defendant United Parcel Service in King County Superior Court.  (Dkt. No. 1–3.)  Plaintiff emailed a copy of the complaint and summons to Carole Tome, Defendant's CEO on March 24 and April 15, 2021.  (Dkt. Nos. 16–5; 1–1 at 62.)  On May 6, 2021, Defendant removed this action to Federal Court.  (Dkt. No. 1.)  On May 21, 2021, Plaintiff filed a motion titled "Plaintiff's Objection to Removal of Default Judgment to United States District Court" (Dkt. No. 8), which the Court construed as a Motion for Remand.

## III.     DISCUSSION

The removal statute, 28 U.S.C. § 1441, provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for any district ... where such action is pending."  28 U.S.C. § 1441(a).  The proper procedure for challenging removal to federal court is a motion to remand.  A federal court must order remand if there is any defect in the removal procedure or any defect which causes federal jurisdiction to fail.  28 U.S.C. § 1447(c).

**A.  Timing**

28 U.S.C. § 1446 sets out the procedure for removing civil actions.  In cases where the initial pleading does not provide a basis for removal, "a notice of removal may be filed within thirty days after receipt by the defendant ... of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is ... removable." § 1446(b)(3).  The 30-day clock for removal only starts when "formal, valid service" is made.

*Costco Wholesale Corp. v. Nationwide Mut. Ins. Co.*, 2011 WL 13228578, at *3 (W.D. Wash. Nov. 29, 2011).

From the record, it does not appear that Defendant was properly served on March 24 or April 15, 2021. Regardless, the question of whether Defendant was ever properly served is immaterial at this stage. Numerous federal courts have held that formal service is not required before a defendant can remove a case. *In re Johnson & Johnson cases*, 2015 WL 5050543, at *8 n.8 (C.D. Cal. Aug. 24, 2015); *Watanabe v. Lankford*, 684 F. Supp. 2d 1210, 1215 (D. Haw. 2010); *see e.g.*, *Hutton v. KDM Transp., Inc.*, 2014 WL 3353237, at *4 (E.D. Pa. July 9, 2014) (collecting cases affirming a defendant's right to remove before formal service of process). Without deciding whether service was proper, the Court finds that Defendant timely removed this action to federal court on May 6, 2021.

**B. Jurisdiction**

For a case to be properly removed to federal court, the district court must have "original jurisdiction" over the action. 28 U.S.C. § 1441. One instance in which the district courts of the United States have original jurisdiction is where there is complete diversity between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1).

Here, both parties are in complete diversity. Plaintiff is a resident of the State of Washington (Dkt. No. 1-3 at 1), while Defendant is incorporated in Ohio with a principal place of business in Georgia. (Dkt. No. 12 at 5–6.) Plaintiff is also requesting damages of $214,000,000, exceeding the $75,000 amount-in-controversy requirement. 28 U.S.C. § 1332(a). Therefore, the Court finds that it has jurisdiction over the action.

## IV.  CONCLUSION

Accordingly, and having considered Plaintiff's motion, the briefing of the parties, and the remainder of the record, the Court finds and ORDERS that Plaintiff's Motion for Remand is DENIED.

Dated this 15th day of December 2021.

David G. Estudillo
United States District Judge